UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. H-20-525 |
| | § | |
| ARAEL DOOLITTLE | § | |

### OPPOSED MOTION TO REVOKE ORDER
### SETTING CONDISTIONS OF RELEASE

COMES NOW, the United States of America, by and through the United States Attorney for the Southern District of Texas, Ryan K. Patrick and undersigned Assistant United States Attorney and files the following motion:

## I.   Procedural History

Arael Doolittle was indicted on October 22, 2020, charged with wire fraud (18 U.S.C. 1343) and engaging in monetary transactions in criminally derived funds (18 U.S.C. 1957). (Doc. 1). Doolittle was arrested and made his initial appearance on October 29, 2020. Doolittle was released on a $30,000 bond secured by his wife as a co-signer.  (Doc. 9). Both Doolittle and his wife signed the Appearance Bond on October 29, 2020.

## II. VIOLATION OF CONDITION OF RELEASE

Doolittle represented to Pretrial Services during the pretrial interview that he would continue to reside in his Houston residence with his wife of 35 years and two adult children if he were released on bond. It is a condition of Doolittle's bond that he would advise the court or Pretrial Services in writing before making any change of residence or telephone number. (Doc. 10, condition 3).

After being released from custody on October 29, 2020, Doolittle did not return to his residence in Houston, Texas as he represented to the court he would. He has been living at the San Luis Resort in Galveston, Texas since his arrest in October. The suite was rented under the name of Jose Martinez and the room and incidentals were charged to a credit card in the same name.

Doolittle's wife, and surety on his bond, was interviewed by the FBI on November 16, 2020. Mrs. Doolittle confirmed that she has not seen Doolittle since his release from jail, and that he has not been residing at their home since his release.

On October 28, 2020, the day prior to Doolittle's arrest on these charges, FBI agents went to Doolittle's home to execute the arrest warrant. Doolittle was not present at the residence. His wife and son told agents that Doolittle had not been home for a couple of weeks and they understood from Doolittle that he was in south Texas. At the FBI's request, his family attempted to contact Doolittle through his cell phone but were unable to make direct contact with Doolittle. The FBI agent also

attempted to get Doolittle to respond to his calls and text messages, beginning just after 7:00 am on October the 28th.

When he was unable to make telephone contact with Doolittle, the agent contacted an attorney who appeared to be a civil or business attorney for Doolittle. The agent spoke with the lawyer just after 11:00 am on the 28th and notified the attorney of the warrant for Doolittle's arrest. Ultimately Doolittle answered a telephone call from the FBI on October 28, 2020 at approximately 12:35pm and was informed there was a warrant for his arrest. Doolittle told the FBI agent that he was five or six hours from Houston, in south Texas near the border with Mexico. Based upon that representation, the FBI agent agreed to let Doolittle turn himself in on the 29th at the FBI office in Houston. Doolittle did turn himself in the morning of October 29, 2020.

Information has recently been developed that Doolittle had been staying at the San Luis Resort in Galveston, Texas prior to his arrest. Doolittle was not in south Texas as he stated to the FBI but was on Galveston Island when he mislead the agent as to his whereabouts on October 28th.

Doolittle was scheduled to have a virtual home assessment with his Pretrial Services supervising officer Kandis Bell on November 20, 2020. The meeting with pretrial services was scheduled to take place at 1:00pm by video. Agents from the United States Secret Service (USSS) were present at Doolittle's Houston residence

at 1:00 pm on the 20th but Doolittle was not home. Doolittle informed Ms. Bell in a telephone call that he was running about 30 minutes late.

Just before 2:00 pm on November 20th, Doolittle arrived at his residence and was arrested by Secret Service agents. The USSS arrested Doolittle on a federal arrest warrant based upon new fraud charges stemming from criminal activity which occurred subsequent to the activity alleged in this indictment, but prior to Doolittle's arrest on the charges in this case.

### III.  Statutory Authority

The United States seeks a warrant of arrest and requests a hearing on this Motion to Revoke Pretrial Release, pursuant to Title 18, United States Code, Section 3148(b).

Section 3148 (b) provides that a judicial officer shall enter an order of revocation of a previous release order if, after a hearing, the judicial officer

(1) finds that there is-
   (B) clear and convincing evidence that the person has violated any other condition of release; and

(2) finds that-
   (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

   (B) the person is unlikely to abide by any condition or combination of conditions of release.

Prior to entering an order of revocation, section 3148(b)(1)(B) requires a

finding based on clear and convincing evidence that the defendant has violated any condition of release. However, the finding under section 3148(b)(2)(B) that the defendant will not abide by any conditions of release need only be by a preponderance of the evidence. *United States v. Aron*, 904 F.2d 221, 224 (5th Cir. 1990) (finding that a defendant will not abide by any conditions of release may be established by a preponderance of the evidence.) A finding that Doolittle will not abide by any condition or combination of conditions of release is itself a sufficient statutory basis to revoke his bond and enter an order of detention. *United States v. Capps*, 2020 WL 1676318 *4 (N.D. Tex. April 6, 2020).

                    Respectfully submitted,

                    RYAN K. PATRICK
                    UNITED STATES ATTORNEY

By:    /S/ Melissa J. Annis
       Melissa J. Annis
       Assistant United States Attorney

## CERTIFICATE OF CONFERENCE

    Counsel for Defendant Arael Doolittle, William Underwood, was contacted was contacted on November 22, 2020 regarding this motion and has stated he is opposed.

                      /S/ Melissa J. Annis
                    Melissa J. Annis
                  Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

    A true and correct copy of the United States Motion to Revoke Defendant Doolittle's Pretrial Release was E-mailed to William Underwood, counsel for Arael Doolittle, and United States Pretrial Services, on the 22nd day of November, 2020.

                                             ____s/ Melissa J. Annis_____
                                             Melissa J. Annis
                                             Assistant United States Attorney